# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MARY SARGENT**
**ADC #710323**                                                                                    **PETITIONER**

**V.**                              **CASE NO. 5:12CV00400 BSM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                       **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Chief Judge Brian S. Miller.  Ms. Sargent – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.  Background

Petitioner Mary Sargent, an Arkansas Department of Correction ("ADC") inmate, filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging her conviction in the Circuit Court of Faulkner County, Arkansas. (Docket entry #2) Respondent Ray Hobbs has filed a response (#15), and Ms. Sargent has filed several supplements to her petition. (#13, #14, #16, #17) For reasons that follow, Ms. Sargent's petition for writ of habeas corpus should be DENIED and her case DISMISSED, with prejudice.

## III.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year limitations period for a state prisoner to commence a federal habeas corpus action under 28 U.S.C. § 2254. The limitations period generally begins to run from the date the judgment became final by either the conclusion of direct review or the expiration of the time limit for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

On April 25, 2007, Ms. Sargent entered a guilty plea to charges that led to a sentence of probation. She did not appeal and, generally speaking, could not have appealed under Arkansas law. See ARK.R.APP.P.– CRIM. 1(a)(generally no right to

appeal from a guilty plea). Ms. Sargent violated the terms of her probation, and on April 22, 2009, the Faulkner County Circuit Court revoked her probation and sentenced her to four years in the ADC. She did not appeal, and even if she could have appealed, the time to appeal would have expired thirty days after the entry of judgment.[1] ARK.R.APP.P.–CRIM. 2(a)(1).

Because Ms. Sargent did not appeal, her probation revocation and four-year sentence became final at the very latest on May 24, 2009. Assuming this date to be the correct date affords Ms. Sargent every possible benefit and marks the expiration of the time she had to seek review from the probation revocation and commitment order. See *Gonzalez v. Thaler*, — U.S. —, 132 S.Ct. 641, 653-654 (2012) (judgment becomes final when a petitioner's time for seeking review in state court expires).

Ms. Sargent filed this federal habeas petition on October 22, 2012 – obviously more than a year after May 24, 2009. Accordingly, her claims are barred by the one-year statute of limitations, unless the limitations period was tolled.

A.   *Statutory Tolling*

The time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). Ms. Sargent did not file any post-conviction petitions, applications, or

---

[1] Ms. Sargent alleges she filed an untimely appeal. (#2, p. 2) Under 28 U.S.C. Section 2244(d)(1)(A), the limitations period began to run at the expiration of time for seeking direct review.

motions concerning her judgment of conviction in any State court. (#2, pp. 2-8) Accordingly, she is not entitled to statutory tolling. Her claims are barred unless saved by equitable tolling.

    B.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). But a petitioner invoking equitable tolling bears the burden of establishing that she has been pursuing her rights diligently and that some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Ms. Sargent claims that her petition was untimely filed because of her alleged mental disability. (#2, pp. 9-10) She states that she did not know she could appeal or file a post-conviction petition, or even how to write one. (#2, p. 4) Ms. Sargent alleges she "just now found out about the habeas corpus act. [She] did not know [she] could file a habeas corpus [petition]." (#2, p. 5)

Unfortunately for Ms. Sargent, pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595,

4

598 (8th Cir. 2004). The Supreme Court has also declined to find mental incapacity to be an "extraordinary circumstance" for purposes of equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 337, 127 S. Ct. 1079, 1086 (2007). There is simply no basis for a finding that Ms. Sargent diligently pursued her rights. See *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (equitable tolling does not apply if a habeas petitioner has not diligently pursued her rights).

Ms. Sargent is not entitled to equitable tolling. Giving her the benefit of every doubt, the time that elapsed from the date that her probation revocation and ensuing four-year sentence became final and the date she filed the pending petition, renders this federal petition time-barred.

## IV.  Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Ms. Sargent has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Ms. Sargent has not provided a basis for issuing a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## V.  Conclusion

Ms. Sargent's petition is time-barred. For that reason, the Court recommends that Judge Miller dismiss her petition for writ of habeas corpus, with prejudice. And because

there is no substantial showing that Ms. Sargent was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 2nd day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE